The opinion of the Court was delivered by
JOHNSON, J.
Whether Watts was or was not a competent witness for the defendant, depends entirely on the question, whether he (Watts) was liable over to the defendant in the event of the plaintiff’s recovery against him.
For the defendant it is alleged, that he paid the money to Watts with a full knowledge of all the circumstances, and it is insisted therefore that in law he is not entitled to recover it back, whether ¿he plaintiff recovers against him or not. But this case is not supported by the evidence. The plaintiff and Watts both claimed the money from the defendant, and it is true that the plaintiff informed him coA-ectly as to the facts on which her claim was founded, but it does not appear whether Watts was or was not equally candid in the exhibition of his claim: for anything that appears, he might have denied every fact stated by the plaintiff, or stated other matters equally opposed to her right to receive, and thus have left the defendant in ignorance as to the true state of the facts, and assuming for the present, that the rule contended for by the defendant is correct, it has no application. All that we can deduce from the evidence is that the defendant paid to Watts money which the plaintiff was entitled to receive, and prima facie, it was done by mistake; for he will not be presumed to have intended to give away his money, and according to the ex eqwo et lono principle, he would be entitled to recover it back. The allega *427 tion that be paid it with a' full knowledge of all the circumstances must come from the party receiving, and from him the proof also must come.
I am not satisfied, however, that if the case assumed by the defendant in reality existed, and that he was fully aware of all the facts and circumstances on which the claims of both the plaintiff and Watts were founded, that he would not be entitled to recover it back from Watts.
I concede freely, that money voluntarily paid, with a knowledge, or the means of knowing all the circumstances on which the claim is founded, cannot in general be recovered back, and that the payer is not helped by his ignorance of the law; and these are the rules laid down in Lowrie vs. Bourdieu, Doug. 468, and Bilbie vs. Lumley, 3 East, 471. These cases proceed upon the principle, that a man may give away his money if he will, and he is bound by it: volenti non fit injuria, says Lawrence, J., in Chatfield vs. Paxton, 2 East. 471, note a, Day’s ed. He may buy his peace; there may exist a moral obligation which the law will not enforce, as in Morris vs. Tarin, 1 Dal. 147, and if he pay his money for these, or any other like considerations, he cannot recover it back. But in Lawrence vs. Beaubien, (2 Bail. 623,) decided in this Court after great deliberation, a distinction was taken between ignorance and a mistake in law, and it was held that a party was not bound by a contract entered into under a mistake of the law; and the proof there was, that he was led into the mistake by the advice of counsel learned in the law: and I apprehend that when full proof of like mistake can be made out by other means, the same rule will obtain. What is the case here as assumed by the defendant ? He certainly did not intend to give Watts the money. He could not have intended to buy his peace; for the payment to Watts exposed him to an action at the suit of the plaintiff. He was under no obligation to Watts, but what arose out of his possession of the note. He could, therefore, have had no other inducement to pay the money to him, but the honest *428 belief that he was legally bound to pay; and thus I think the proof of a mistake in law is clearly made.
There is another view of this question, which appears to me worthy of consideration, and which I am induced to throw out, that it may meet the eye of the profession. In all the cases in which it has been held that money voluntary paid could not be recovered back, the payment has operated to discharge the payer from a real or supposed obligation. But here the very same obligation is found to be due to a third person, and I think it may be well questioned, whether recovery against him by that third person does not raise an obligation on the receiver to refund it.
Motion dismissed.
Harper, J., concurred.
O’NealXi, J., had been of counsel, and gave no opinion.

Motion dismissed.